FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 OCT 14 AM 8:36

U.S. DISTRICT COURT
N.D. OF ALABAMA

BEATRICE AUSTIN,

    PLAINTIFF,

V.

                        CASE NO:. CV- 97-J-1741-S

KENNETH APFEL,

    DEFENDANT.

ENTERED
OCT 1 4 1999

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 38), and a supplement to motion for summary judgment (doc. 54), to which the plaintiff filed an opposition ("plaintiff's opposition") (doc. 40).[1] Thereafter, defendant filed a reply to plaintiff's opposition. Both parties have also filed evidentiary submissions in support of their respective positions. The court has reviewed the motion, the memoranda of law and the evidentiary submissions of the parties.

---

[1] The plaintiff's opposition to the defendant's motion for summary judgment was filed at 9:45 p.m. on August 20, 1999 (doc. 40). The plaintiff's evidentiary submissions in support of her opposition were filed at the same time (doc. 41). By order of this court, the plaintiff had until August 19, 1999 to file a response, thus, the plaintiff's opposition was untimely and the court struck the same (doc. 42). The plaintiff filed a motion for reconsideration (doc. 43), stating that the plaintiff did not receive the brief of the defendant until August 6, 1999, even though the documents were stamped as "filed" on August 5, 1999. The court granted the motion to reconsider and deemed the plaintiff's opposition and evidentiary submissions timely (doc. 44). Therefore, the plaintiff's opposition and evidentiary submissions were considered by this court in entering this memorandum opinion and separate order this date.

55

The plaintiff having requested oral argument of the defendant's motion for summary judgment in her opposition, the court finds that the law on the issues before the court is both clear and plentiful, and further notes that this case does not involve a complicated fact situation. Therefore, the court is of the opinion that oral argument would be of no assistance to the court and therefore denies said request for oral argument.

## I. Procedural History

Plaintiff commenced this action on July 11, 1997 by filing a pro se complaint (doc. 1) alleging that the defendant discriminated against her on the basis of her race and sex, as evidenced by her non-selection for a position within the agency with whom the plaintiff was employed. Pursuant to an amended complaint filed January 5, 1999, the plaintiff alleged that her non-selection was in violation of Title VII of the 1964 Civil Rights Act, as amended. Amended Complaint at ¶ 16. Upon consideration of the pleadings, memoranda of the parties, and evidentiary submissions, the court concludes that the motion for summary judgment is due to be granted.

## II. Factual Background

In the light most favorable to the plaintiff, the facts of this case are as follows: The plaintiff worked for the defendant, the Social Security Administration as a Claims Adjustor from 1978 to 1986, at which time she quit due to medical reasons. Amended Complaint at ¶¶ 7-8; depo. of plaintiff at 13, 18. Upon reapplying to the defendant in 1988, the plaintiff was rehired and placed in the only available position, a GS-3, in the mail room. Amended

Complaint at ¶ 9; depo. of plaintiff at 17. The plaintiff was told that when a Claims Adjustor position became available, she would be promoted. Plaintiff's opposition at 3. Later the same year, the plaintiff was promoted to the position of a Benefit Authorizer Trainee, a GS-7. Depo. of plaintiff at 18. In March, 1989, the plaintiff was again promoted, to the position of a Benefit Authorizer, a GS-8. Depo. of Plaintiff at 19. In June, 1992, the plaintiff was promoted yet again to a GS-9. Depo. of plaintiff at 20. In July, 1994, the defendant advertized vacancies for twenty Claims Adjustor positions, for which the plaintiff applied but was not hired. Amended Complaint at ¶ 10; depo. of plaintiff at 22-23. The plaintiff initiated the complaint leading to this lawsuit in August, 1994, claiming she was discriminated against based on her race and sex. In April, 1997, after the complaint process was underway but before this lawsuit was filed, the plaintiff was promoted to the position of a Claims Authorizer, a GS-11 position. Depo. of plaintiff at 20.

The plaintiff alleges that she should not have been considered under the competitive process for one of the 1994 Claims Adjustor positions, but rather that she should have been considered under the non-competitive process. Amended Complaint at ¶ 12; plaintiff's opposition at 3. The EEO office within the defendant agency investigated the plaintiff's complaint and found no evidence that the plaintiff was treated any differently than any non-minority applications for the position, and hence no violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, by the defendant. *See* Volumes 1 through 3 of defendant's submissions. The defendant alleges that it hired a racially diverse

3

group when it filled the twenty positions and that the plaintiff was not among the twenty best applicants for the positions.[2] The defendant further alleges that the plaintiff's performance appraisal for the prior year (1993) was not as high as other applicants. After the selection process was completed, an error was discovered in the point computations by which the defendant determined who was most qualified for the positions. The plaintiff's name was therefore removed from the "qualified" list after the selections were made.

The plaintiff additionally alleges that she did not receive the promotion because she served as an EEO counselor and also served in that capacity as a mediator between management and employees when disputes were filed. Depo. of plaintiff at 25. The plaintiff states that in this capacity she investigated complaints against Carol Neyman, the Assistant Regional Commissioner.[3] Plaintiff's opposition at 2; depo. of Neyman at 5. The plaintiff states that in turn, Ms. Neyman influenced the Process Branch Manager, Dan Browning, in the selection process for the July, 1994 promotions. Depo. of Browning at 59; Mr. Browning was the selecting official for the July, 1994 promotions. Depo. of plaintiff at 25, 37.

---

[2] Twenty-five percent of those applicants chosen to fill the twenty positions were black females. Thirty percent of the individuals promoted to these positions were black.

[3] The plaintiff did not submit any evidence in support of this assertion that she investigated "numerous charges" filed against Ms. Neyman. The plaintiff states in her opposition that only after Ms. Neyman retired was the plaintiff promoted to the position of a Claims Adjustor.

### III. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-

sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

## IV. Discussion

The plaintiff alleges that the failure for her to receive a promotion in July 1994 was due to race discrimination, in violation of Title VII. Because the plaintiff has offered no direct proof of such discrimination, the evidence of discrimination before this court is wholly circumstantial in nature. When evidence of discrimination is circumstantial in nature, the Supreme Court has fashioned a three prong test for focusing the court's examination of the evidence and allegations. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248; 252-253; 101 S.Ct. 1089, 1093-1094 (1981); *Busby v. City of Orlando*, 931 F.2d 764, 777 (11th Cir.1991). First, the plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. at 1824. Establishment of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the employee. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527 (11th Cir. 1997). Meeting this burden creates a presumption of discrimination. *Combs*, 106 F.3d at 1528.

Assuming the employee meets this burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action. *Harris v. Shelby County Board of Education,* 99 F.3d 1078, 1083 (11th Cir. 1996).

The defendant can feasiblely present such strong evidence of a nondiscriminatory rationale that summary judgment is warranted. *Brown v. American Honda Motor Co., Inc.,* 939 F.2d 946, 950 (11th Cir.1991), *cert. denied,* 502 U.S. 1058 (1992)(quoting *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590. 596 (11th Cir.1987).

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine,* 450 U.S. at 255, 101 S.Ct. at 1094 and n. 10.[4] The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825. The focus of the case after the defendant meets its burden of production is on the defendant's subjective intent and the motivation behind the defendant's adverse employment action directed at plaintiff. *Harris,* 99 F.3d at 1083.

In a "failure to promote case" such as this, the plaintiff meets her prima facie burden of proof by establishing that (1) she is a member of a racial minority; (2) she was qualified for the position for which she applied; (3) she was not selected for the position; and (4) the selected individuals included white applicants. *McDonnell Douglas Corp.,* 411 U.S. at 804, 93 S.Ct. at1824; *Walker v. Mortham,* 158 F.3d 1177, 1186 (11th Cir.1998). The defendant

---

[4]The disappearance of the presumption does not compel summary judgment in favor of a Title VII defendant. The ultimate question remains the same: whether the plaintiff can persuade the trier of fact that she has been the victim of intentional discrimination. *See Howard v. BP Oil Co.,* 32 F.3d 520, 525 (11th Cir. 1994).

concedes that the plaintiff has established this prima facie case. Thus, the burden shifts to the defendant to show a legitimate, non-discriminatory reason for not selecting the plaintiff. *See e.g. EEOC v. Reichhold Chemicals*, 988 F.2d 1564, 1570 (11th Cir.1993); *Brown v. American Honda Motor Co., Inc.*, 939 F.2d at 950. The defendant states that the plaintiff simply was not one of the highest qualified candidates for the position. This has been found to be a legitimate, non-discriminatory reason for not promoting the plaintiff. *Harris,* 99 F.3d at 1084 (stating that the defendants in Title VII cases may prove as an affirmative defense that they would have reached the same employment decision even in the absence of bias); citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 246, 109 S.Ct. 1775, 1788, 104 L.Ed.2d 268 (1989). *See also Olafson v. Dade County School Board*, 651 F.2d 393, 395 (11th Cir. 1981) ("It was ... incumbent on the plaintiff ... to prove she was the 'victim of intentional discrimination'").

In the facts before this court, Browning undisputedly had the decision-making authority for the promotions in question. Browning stated that he considered the applicants' performance ratings, recommendations from managers, leave records, time-in-grade and length of service. Depo. of Browning at 12, depo. of Neyman at 45-46. Browning stated that his decision was made on a completely objective basis. Depo. of Browning at 39. He also testified that the plaintiff was given a fair opportunity to receive one of the positions in question. Depo. of Browning at 40. The defendant argues that basing its decision on these criteria represents a legitimate, non-discriminatory reason that the plaintiff was not selected

9

for one of the positions in question. Thus, the burden shifts back to the plaintiff to show that the defendant's proffered reasons for her non-promotion are pretextual. *Burdine*, 450 U.S. at 256, 1001 S.Ct. at 1095.

The plaintiff alleges that the defendant's proffered reason is pretextual, but offers no evidence in support of her argument of pretext. *See Walker,* 158 F.3d at 1192-93 (stating that the plaintiff must offer evidence in support of her position that she was the most qualified). The plaintiff offers no evidence that Browning harbored any racial animus, any sex-based animus, or even any animus against the plaintiff specifically. He testified that he did not know the plaintiff, but guessed that he had met her previously because she is an EEO counselor. Depo. of Browning at 24. The plaintiff testified that she had met him in 1976, but had no direct interaction with him since that time. Depo. of plaintiff at 26. The plaintiff merely alleges in her deposition that she was more qualified than all of the appointees. Depo. of plaintiff at 48. She later alleges in her deposition that she "was more qualified that all the white employees" because she had previously held the position of Claims Adjustor.[5] Depo. of plaintiff at 72. The plaintiff further states that "I am saying I was discriminated against, whoever was responsible for the selections, I feel that I was discriminated against." Depo. of plaintiff at 44. The plaintiff does admit that a number of the selectees were black. *Id.*

---

[5]Further compounding the plaintiff's lack of evidence in support of her claim of discrimination is that the deposition excerpts submitted in support of her opposition are not identified as to whose testimony it is.

The defendant states that the Claims Adjustor positions filled in 1994 were new positions which handles solely Supplemental Security Income claims and thus this was not an identical position to that which the plaintiff had held previously, although her previous position and these new positions had the same title.[6]

Furthermore, the court finds that in her 1993 performance appraisal, on which the Browning relied in part for his promotion decisions, the plaintiff received a "fully successful" rating and not either of the higher ratings of "outstanding" or "excellent." Depo. of plaintiff at 28. This performance appraisal was completed by plaintiff's supervisor, also a black female. Depo. of plaintiff at 27. Additionally, the plaintiff testified that prior to the July, 1994 selection process, she knew of no incident where she was treated unfairly. Depo. of plaintiff at 26. Nor did the plaintiff know of any other incident which caused her to believe Browning would discriminate against someone because of his or her race. Depo. of plaintiff at 26.

The plaintiff further stated during her deposition that she does not know who was on the "best qualified list" from which the defendant selected the individuals to fill the twenty new positions. Depo. of plaintiff at 40. However, the plaintiff was included as a candidate

---

[6]The plaintiff also alleges that information was removed from her application package. Depo. of plaintiff at 62, 65. However, the plaintiff was still listed on the best qualified list. *Id.* at 63.

11

for the position on the "best qualified list."[7] Plaintiff's opposition at 4; depo. of plaintiff at 50. She also stated that she was not sure that Neyman had any input at all into the selection of the twenty individuals chosen to fill these positions. *Id.* at 57. The plaintiff also stated that she never had an argument with Neyman. *Id.*

In his deposition, Browning states that he never received training on how to make selections for promotions, nor was he given any formal written criteria. Depo. of Browning at 10. However, he had twenty years experience as a selecting official. *Id.* According to a worksheet that Browning did not prepare, the plaintiff was rated as "fully satisfactory" on her performance appraisal and recommended eighth out of eight candidates from her department for the position. Depo. of Browning at 25-28, 35. Browning testified in his deposition that the plaintiff did not get one of the positions because she was not one of the twenty most qualified applicants. Depo. of Browning at 39. Even if this court assumes that the plaintiff's claim that she is the "most qualified" for the position is correct, Title VII does not require an employer to promote the most qualified applicant, nor does it require that any particular candidate be given preference over other candidates because of race or sex. *Smith v. Horner*, 839 F.2d 1530, 1538 (11th Cir.1988).

The plaintiff also submits in support of her claims the defendant agency's National Promotion Plan, which states that the plaintiff was entitled to receive noncompetitive

---

[7] The plaintiff also alleges that the best qualified list was subsequently deemed to be in error but states that such error is not at issue in this lawsuit. Depo. of plaintiff at 60-61.

12

referrals to vacancies at the highest grade she ever previously held on a permanent basis. Plaintiff's submissions at Tab 2, p. 19; depo. of plaintiff at 50. *See also* plaintiff's opposition at 3. The plaintiff also admits that she was told that she was considered on the noncompetitive list. Depo. of plaintiff at 50. Furthermore, the plaintiff agrees that this plan gave the defendant the option, and not the obligation, to return her to a Claims Adjustor position. Depo. of plaintiff at 73, 81; depo. of Browning at 37-38.

The plaintiff must produce sufficient evidence to raise a genuine issue of fact as to whether the employer's stated reasons for not promoting her are pretextual or unworthy of credence. *Combs*, 106 F.3d 1538. A stated reason cannot be "pretextual" unless the plaintiff shows that the reason was false and that discrimination was the real reason for the employer's adverse action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2751 (1993). The court finds that the plaintiff has failed in her burden to prove that the defendant's reasons for not promoting her were pretexts for discrimination.

The plaintiff also makes a claim that she was not promoted because she engaged in protected activity, namely her performance of the duties of an EEO counselor. Again, to establish a prima facie case of retaliation for engaging in protected activity, the court must use the *McDonnell-Douglas* burden shifting standard, discussed in detail, *supra*. The plaintiff must show that she (1) engaged in Title VII protected activity; (2) an adverse employment action occurred; and (3) a causal connection between the protected activity and

13

the adverse employment action exists. *Sullivan v. National Railroad Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir.1999).

An EEO counselor clearly engages in protected activity. The defendant however, argues that the plaintiff cannot show a causal connection, between the protected activity and the failure to promote, because the plaintiff is unable to recall any specific event which would have caused either Browning or Neyman to retaliate against her. Depo. of plaintiff at 53-57. Further, the plaintiff testified at her deposition that her name was given to Browning by Neyman for non-competitive consideration. *Id*. at 88. The plaintiff supports her allegation of retaliation by a memo she wrote to someone other than Neyman or Browning in October, 1994 (several months after the promotion decision was made) stating that Neyman would not let her attend a meeting. Plaintiff Tab 5. Beyond the mere fact of plaintiff serving as an EEO counselor and then not getting the position she wanted, the court can find no causal connection between these two events. The plaintiff stated at her deposition that Browning never treated her unfairly before the July, 1994 failure to promote, nor did she know of any other incidents involving Browning retaliating against someone else for EEO activity. Depo. of plaintiff at 26-27. None of the EEO cases the plaintiff handled involved complaints against Browning. Depo. of plaintiff at 53. Browning testified in his deposition that Neyman influenced his selection decision, but then stated that Neyman never influenced him to select a person not qualified for the position, nor did Neyman ever suggest

14

to him that he exclude blacks or EEO counselors from selection. Depo. of Browning at 41-42, 45-46, 60.

In her deposition, the plaintiff stated "I am contending that I was not selected and I feel that part of the reason for that was retaliation." The plaintiff was asked what she based that feeling on, to which she responded, "The fact that I had handled several EEO complaints within that office and that it had been from some conflicting situations and that I feel that that might be a possibility, that I was not selected." Depo. of plaintiff at 53. The plaintiff also alleges that Neyman retaliated against her in the July, 1994 selection by not selecting her but does not know if Neyman had any input into the selection process. Depo. of plaintiff at 55-57.

Neyman testified during her deposition that she knew the plaintiff returned to the defendant agency in 1988 and was thereafter offered successively higher grade positions. Depo. of Neyman at 7-8. Neyman further stated that the plaintiff's prior supervisor did not want the plaintiff back when she returned in 1988 and that the agency, at that time, was not hiring Claims Adjustors. *Id.* at 8. Further, Neyman stated that she has talked to "a zillion" EEO counselors and had no ill feelings towards the plaintiff because of her EEO counselor work. Depo. of Neyman at 50.

The district court must evaluate whether the plaintiff has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherence, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable fact finder could find

15

them unworthy of credence. " *See e.g Combs*, 106 F.3d at 1530 (citations omitted). The plaintiff is unable to demonstrate any inconsistency or contradiction in the defendant's proffered legitimate reasons for not promoting the plaintiff in 1994. The plaintiff has offered only mere speculation that her EEO activity had any effect on the defendant's failure to promote her in July, 1994. Depo. of plaintiff at 53-57.

Based on a consideration of the above, this court finds that the plaintiff has failed to meet her burden of establishing that she was subjected to race discrimination or retaliation. However, even assuming this court found that the plaintiff had made out a *prima facie* case of race discrimination or retaliation, the court finds that the defendant established nondiscriminatory reasons for its actions. The plaintiff has not provided any evidence that the reason stated by the defendant for the failure to promote was pretextual. As such, plaintiff has not met her burden to proceed past a motion for summary judgment. *See Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095 ("The plaintiff retains the burden of persuasion. She now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision").

## V. Conclusion

In consideration of the foregoing, the court can find no evidence that the plaintiff did not receive the July, 1994 promotion because of her race, sex or for engaging in protected activity. Thus, the court finds no genuine issue as to any material fact.

Therefore, the Court **GRANTS** the defendant's motions for summary judgment on all counts of the complaint.  This case is **DISMISSED** with **PREJUDICE**.  Each party is to bear its own costs.

**DONE** and **ORDERED** this the _14_ day of October, 1999.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE